[S. F. No. 6925. In Bank.—October 1, 1914.]

## GEORGE McDONALD, Respondent, v. ANNIE McDONALD, Appellant.

APPEAL—NOTICE OF ENTRY OF JUDGMENT—LIMITATION OF TIME FOR TAKING—SECTION 941b OF CODE OF CIVIL PROCEDURE.—Before a respondent may invoke the limitation of sixty days contemplated by section 941b of the Code of Civil Procedure as the time within which, after notice of the entry of judgment, an appeal may be taken, there must be a formal notice of such entry actually served upon the attorney of record of the appellant.

ID.—WAIVER OF NOTICE OF ENTRY OF INTERLOCUTORY DECREE OF DIVORCE —FILING BILL OF EXCEPTIONS.—The filing by a defendant against whom an interlocutory decree of divorce has been rendered of a bill of exceptions to be used on appeal therefrom, does not waive the giving of the formal notice of the entry of judgment, required to be given by section 941b of the Code of Civil Procedure in order to set in motion the limitation of sixty days after such notice within which the appeal may be taken.

CLXVIII Cal.—28

Id.—Appeal by New Method Taken Within Six Months of Entry of Decree—Jurisdiction.—In the absence of the giving of a formal notice of the entry of an interlocutory judgment for divorce, the supreme court has jurisdiction of an appeal therefrom taken by the "new method" within six months after its entry.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. Adolphus E. Graupner, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

James M. Hanley, for Respondent.

MELVIN, J.—George McDonald, plaintiff and respondent, moves to dismiss the appeal of defendant from the judgment against her and "from that part of the judgment being the intermediate order denying defendant's motion to set aside default."

The facts as disclosed by the certificate of the clerk and by respondent's uncontradicted affidavit are as follows: The judgment granting an interlocutory decree of divorce to plaintiff from defendant upon the ground of extreme cruelty was rendered on the twenty-seventh day of October, 1913, and entered in the appropriate judgment book of the county clerk's office on the following day. The notice of appeal was filed February 13, 1914. It is accompanied by no evidence of service upon the adverse party. On October 7, 1913, the court had entered the default of the defendant, and on the fifteenth day of the same month, after a full hearing upon defendant's motion to set aside the default, the said motion had been denied. Defendant appeared personally with her counsel at the trial, introduced evidence in opposition to the allegation of the complaint, and her counsel examined and cross-examined witnesses. The bill of exceptions signed by the judge who tried the cause, was filed November 10, 1913.

It is contended by respondent that by filing her bill of exceptions the appellant waived notice of decision and that as no notice of appeal of any sort was filed until more than sixty days had elapsed after the entry of the decree and after

the proposed bill of exceptions had been filed and signed by the judge, defendant lost her right to appeal.

Respondent's first and most important contention is contrary to established authority. The actual notice of the entry of the judgment, if any there were, implied by the filing of the bill of exceptions on behalf of defendant, was not sufficient to meet the requirements of section 941b of the Code of Civil Procedure. Before respondent may invoke the limitation of sixty days contemplated by that section as the time within which, after notice of the entry of judgment, an appeal may be taken, there must be a formal notice of such entry *actually served upon the attorney of record. (Huntington Park Imp. Co. v. Park Land Co.*, 165 Cal. 430, [132 Pac. 760] ; *Title Ins. & Trust Co. v. California Development Co.*, (L. A. Nos. 3690, 3691) *ante,* p. 397, [143 Pac. 723].)

Respondent cites section 939 of the Code of Civil Procedure, as limiting the time for appeal from an interlocutory judgment in an action for divorce to sixty days after the making and filing thereof, without reference to the service of notice of judgment. That section in its present form was passed in 1907. Since that time section 131 of the Civil Code has been re-enacted. (Stats. 1909, p. 941.) The latter section, after declaring that an interlocutory judgment must be entered in every case in which the court determines that the divorce ought to be granted, provides that ''from such interlocutory judgment an appeal may be taken within six months after its entry, in the same manner and with like effect as if the judgment were final.'' This is in accord with section 941b of the Code of Civil Procedure, and if we should decide that section 939 of the Code of Civil Procedure, as amended in 1907, was intended as a statute of limitations applicable to the procedure permitted by section 941b, we would be compelled to hold that the later section of the Civil Code changed the period of limitation from sixty days to six months. If we regard subdivision 3 of section 939 as applicable only to appeals under the ''old method'' then all of the sections may be harmonized, for under such theory we have that section limiting the right to appeal from an interlocutory judgment under the ''old method'' to sixty days; and we also have section 131 of the Civil Code fixing the maximum time at six months under the so-called ''new method'' of appeal, subject to be cut down to sixty days,

however, by the formal notice of entry of judgment permitted by section 941b of the Code of Civil Procedure. But in any view of the matter, the notice of appeal in this case, which was obviously intended to set in motion an appeal under the "new method," was not filed too long after the entry of judgment to give this court jurisdiction of the said appeal.

There is nothing in the opinion in *Estate of Brewer,* 156 Cal. 90, [103 Pac. 486], which at all conflicts with the conclusion reached in this case. The court was there considering an appeal in a special proceeding and it was held that the "new method" of appeal and the time within which an appeal might be taken as prescribed by sections 941a, 941b, and 941c applied to probate matters only so far as the provisions of those new sections did not conflict with section 1715.

It follows that the motion must be denied and it is so ordered.

Lorigan, J., Henshaw, J., Sloss, J., and Shaw, J., concurred.