JENNIE REYES MEJÍAS ET AL., Plaintiffs and Appellees, v. CARMEN DELIA REYES ET AL., Defendants and Appellants.

No. 10936. Argued December 15, 1953.—Decided March 31, 1954.

*Ángel Fernández Sánchez* for appellants. *Armando A. Miranda* for appellees.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

This appeal challenges an order entered by a judge of the Arecibo Section of the former District Court vacating a judgment of dismissal on a motion for nonsuit. The latter judgment was rendered by another judge of the former District Court of Arecibo approximately two years prior to the order challenged herein, although notice of judgment was sent about one year and five months after rendition. The concrete facts are as follows:

Jennie Reyes Mejías and Eva Ligia Reyes de López filed a complaint in the former District Court of Arecibo against codefendants Carmen Delia Reyes and Raúl A. Colón Candelaria for annulment of deeds and other relief. The original complaint, consisting of two causes of action, alleges, briefly, that plaintiffs are the legitimate daughters, and codefendant Carmen Delia Reyes is the recognized natural daughter of Ramón Reyes Dávila; that on January 4, 1947 the latter transferred by public deed the title to certain property to Carmen Delia, and that on the same date he transferred, by another deed, title to another property in favor of Carmen Delia and Raúl Colón Candelaria; that, notwithstanding the fact that certain amounts representing the selling price were set forth in the deeds, "the truth is that such transfer was a gratuitous gift inter vivos," and that by virtue of those deeds the predecessor in interest Reyes Dávila "divested himself

of all his property to the detriment and prejudice of the rights of his legitimate daughters, plaintiffs herein, since the transfers were made for no certain price or consideration whatever," and that those deeds are null and void "because the contract lacks consideration and is simulated." The second cause of action alleges that Reyes Dávila withdrew from a bank the sum of $10,000 and delivered it to the defendants "for no consideration of any kind whatever," it being therefore a gift to plaintiffs' detriment, Reyes Dávila having disposed of all his property.

The codefendants moved for dismissal alleging that the facts set forth in the complaint were insufficient to constitute a cause of action. That motion was overruled. The defendants then filed their answer. The hearing of the case on the merits was set for August 25, 1949. Before plaintiffs presented their evidence, the defendants reproduced and argued orally their motion for dismissal. The following incidents then took place:

"Lic. Fernández Sánchez (attorney for defendants) : I move for leave to file afterwards a memorandum of authorities. There is one point in which I believe my colleague is correct. A demurrer was filed for the purpose of delaying the proceeding. I therefore move that the court, in the exercise of its discretion and on the merits of the questions raised by defendant, if meritorious, reconsider its order, not for the purpose of overruling the demurrer, but of leaving open the resolution of the questions of law, in order that the court may be in a position either to render final judgment sustaining its opinion, or to grant the same and dismiss the complaint. I invoke judicial discretion.

"Hon. Judge: It is the practice of the courts, in cases such as this where a demurrer is filed and submitted without a memorandum or argument, to overrule such demurrer without further study. Such demurrers are deemed to be merely dilatory. Following that practice, the court entered its order of May 24. The court is willing to consider the question raised by defendant. However, the logical order of the procedure would be to decide that question first before hearing the evidence, since the admissibility of the evidence would depend greatly on whether or not

the allegations in the pleading are sufficient. If the parties so desire, the court may reserve the decision of that question and hear the evidence. However, it would have to be by stipulation of the parties; the court can not impose that procedure, which is illogical; otherwise, the court would take time to pass upon the question of law.

"Lic. Fernández Sánchez: In that case I move as follows: That the court grant leave to present the evidence and to perpetuate those statements, pursuant to the Rules of Civil Procedure. If the court should overrule the demurrer, we would then move for leave to offer in evidence those statements which have been perpetuated, and the court would then be in a position to pass upon the merits.

"Lic. Susoni: That is precisely what the court said.

"Hon. Judge: The court has no desire to impose its procedure. It is the duty of the court to decide first the question of law. If the parties so stipulate, the court may offer that stipulation.

"Lic. Fernández Sánchez: We move that the court hear the evidence and decide first the question of law and later the case on the merits.

"Lic. Susoni: There is no problem. There is one question whether he agrees to the following stipulation: the colleague has raised a question of law. The following stipulation has been requested, namely, to introduce the evidence today and for the court to decide later the question of law raised. If overruled, or better still, if the questions of law are sustained, the evidence would have already been presented and we would be precluded from amending the complaint, should it be necessary to do so. I am going to stipulate another matter with the colleague.

"Lic. Fernández Sánchez: I consent that the court enter an order affording plaintiffs an opportunity to amend their complaint in case the questions of law are granted. Whoever is right, let him have the credit.

"Lic. Susoni: Then there is no objection.

"Hon. Judge: The court grants ten days to defendant to present a memorandum of authorities, and ten days to plaintiff to reply in connection with the questions of law.

"Lic. Susoni: Then, are we agreed that if the court sustains the demurrer filed by the colleague, we will have an opportunity to amend the complaint and present additional evidence?

"Lic. Fernández Sánchez: Provided it presents a new issue.
"Hon. Judge: New issues covered by the amendments."

After plaintiff's evidence was introduced, the defendants filed a motion for nonsuit requesting dismissal of the action alleging that plaintiffs' evidence was insufficient. The presiding judge granted the motion as to the second cause of action with respect to both codefendants, and as to the first cause of action as to codefendant Raúl A. Colón, but not as respects codefendant Carmen Delia Reyes, because, according to the court, there was as to her a "rule of evidence" applicable to the first cause of action. The attorney for both defendants then submitted the case and announced he would present no evidence whatever. The following then happened:

"Hon. Judge: The memorandum on the question of law is pending.
"Lic. Fernández Sánchez: I would have to present a memorandum on Carmen Delia.
"Hon. Judge: The court will decide that."

On August 25, 1949 the court rendered the following judgment:

"This case was called today according to the calendar, and the parties appeared through their attorneys Mr. Esteban Susoni Lens and Mr. Ángel Fernández Sánchez, respectively, who announced they were ready for trial.
"With the court's leave defendants resubmitted the motion to dismiss the complaint alleging that it does not state a cause of action. After the motion was argued, the parties stipulated that evidence of both sides be received, that a period of ten days be granted to defendants to file a memorandum on the motion and a like term to plaintiffs to reply; that the court decide first the motion and, if sustained, that plaintiffs be afforded an opportunity to amend the complaint and to present additional evidence on new facts alleged by virtue of the amendment; and if the motion were dismissed, the court would then proceed to decide the case on its merits on the basis of the evidence offered today.

. "The court approved the stipulation and proceeded to hear plaintiffs' evidence. Thereupon defendants filed a motion for nonsuit alleging that the evidence offered did not state a cause of action in favor of plaintiffs and against the defendants, and praying for dismissal of the complaint. This motion was argued by both parties.

"The court grants the motion for nonsuit and dismisses the complaint in its second cause of action as respects both defendants, and in its first cause of action as respects Raúl A. Colón Candelaria, on the ground that the evidence offered by plaintiffs in support of the first cause of action against Colón, or in the second cause of action against both defendants, is insufficient, and orders plaintiffs to pay the costs incurred by defendant Colón, but not attorney's fees; and dismisses the motion in the first cause of action as respects defendant Carmen Delia Reyes; and since said defendant submitted the case without evidence, judgment will be rendered as respects the first cause of action in so far as it refers to that defendant, as soon as the memoranda on the motion to dismiss the complaint for lack of cause of action is received and the motion is decided."

Notice of this judgment was not filed on record until January 29, 1951.

On September 23, 1949 codefendant Carmen Delia Reyes filed a "motion and memorandum" alleging that the facts set forth in the complaint were insufficient to constitute a cause of action against her, and that, alternatively, the evidence presented by plaintiffs at the trial was insufficient to constitute a valid claim against her, as to both causes of action. On January 9, 1950 the same judge who presided at the trial held that the complaint in the first cause of action did not adduce sufficient facts against Carmen Delia, and dismissed that cause of action as to her. The court further "allowed plaintiffs ten days, counted from the notice of this order, to file an amended complaint as respects the first cause of action, and after a reply to such amended complaint is filed, the parties, or either of them, shall petition for a hearing of the case in order that plaintiffs may have an op-

portunity to introduce evidence on the new facts alleged (sic) in the amended complaint."

On January 19, 1950, plaintiffs filed an amended complaint against both defendants. On April 11, 1950 plaintiffs moved, through another attorney, for leave to file a new amended complaint. On December 6, 1950 a judge other than the one who presided at the trial entered an order granting such leave. The record does not disclose that the new or second amended complaint was ever filed. On February 6, 1951, that is, approximately one year and six months after judgment of nonsuit was entered for insufficiency, but within fifteen days subsequent to the filing in the record of the notice of the judgment, plaintiffs filed a motion for reconsideration and to set aside such judgment. As has been seen, although the record reveals that the judgment was rendered on August 25, 1949, the record also reveals that the notice of the judgment was filed and forwarded to the new attorney for plaintiffs on January 29, 1951.

On August 23, 1951 a judge other than the one who presided at the trial and rendered the judgment of nonsuit, entered the following order:

"The defendant filed a motion requesting us to set aside the judgment rendered in the case at bar and grant plaintiff leave to amend the complaint.

"The motion having been set for hearing, plaintiff appeared and argued.

"The court, in furtherance of justice, sets aside the judgment rendered and grants plaintiff leave to amend her complaint within the period of ten days from the day this order is notified."

Defendants herein appealed from that order alleging that the same is contrary to law.

The motion for reconsideration which gave rise to the order in dispute is not like a motion to set aside a judgment under Rule 60 of the Rules of Civil Procedure, since plaintiffs did not allege or show that the judgment of nonsuit was entered through error, inadvertence, surprise or ex-

cusable negligence, nor for any other reason extrinsic to the merits of the judgment. *González* v. *Am. Surety Co.*, 71 P.R.R. 330, 332, 333; *Gual* v. *District Court*, 71 P.R.R. 283. The motion for reconsideration referred to the intrinsic merits of the judgment and it therefore falls within the purview of § 292 of the Code of Civil Procedure. (See both cases, *supra.*) Under the provisions of that Section, it was necessary to file a motion for reconsideration within the unextendible period of fifteen days after filing with the record a copy of the notice of the judgment. See *Tefel* v. *Coane*, decided January 26, 1949 by per curiam opinion. Although in the case at bar the judgment of nonsuit was rendered in open court on August 25, 1949, the notice of the judgment was filed of record on January 29, 1951. The motion for reconsideration was filed on February 6, 1951, that is, within the fifteen-day statutory period; hence, it was timely filed. Defendant-appellants contend that the judgment of nonsuit was entered in open court and in the presence of the parties, and that, therefore, it should be deemed that the notice of the judgment was served on August 25, 1949, from which date the fifteen-day statutory period begins to run. However, § 292 requires that the fifteen-day period shall be computed from the date *of the filing with the record* of the notice of the judgment, and not merely from the notice itself. Such specific statutory provisions must be strictly complied with as to the commencement of such period, it being irrelevant whether the party had actual notice of the judgment before the date set in the statute. 4 C.J.S. 917, 918, § 447; *McDonald* v. *McDonald*, 168 Cal. 433, 143 Pac. 726; *Hartfield* v. *Alderete*, 145 Pac. 146. In *González* v. *Am. Surety Co.*, *supra*, the order in question was entered in open court, but it was held that the period allowed in § 292 shall be computed from the date of the filing of record of the notice of the judgment.

█ █ As already stated, the motion for reconsideration dealt with the intrinsic merits of the judgment of nonsuit.

From that viewpoint, the order setting aside the judgment was erroneous for the latter was fully justified as to the relief therein embraced. In reconsidering and setting aside the judgment, the Arecibo Court pointed out it was "in furtherance of justice." However, there was no legal or justifiable basis for setting aside the judgment. The evidence offered by plaintiffs was clearly insufficient to support a cause of action against both defendants in both causes of action. As already stated, the original complaint contains two causes of action. In the first it is alleged that the two deeds of sale were actually deeds of gift and that the consideration stated was simulated, and that those gifts were therefore invalid. In the second cause of action it is alleged that the predecessor in interest of plaintiffs withdrew a certain sum from a bank and delivered it to defendants, and that no "causa" or "consideration" was involved. Plaintiffs introduced no evidence whatsoever in support of the second cause of action. As to the first cause of action, it was necessary to show and prove that the consideration set forth in the deeds was simulated, and that the transfers were actually gifts, and not sale of the properties. Plaintiffs introduced both deeds in evidence as well as the testimony of Notary José E. Díaz and Venancio González Olivo. Mr. Díaz confined himself to testifying that on a certain date prior to the execution of the deeds before another notary, the predecessor in interest called at his office together with both defendants and asked him to prepare and draft a deed of gift, which he refused to do alleging that such gifts would be null and void. Venancio González Olivo testified that codefendant Raúl A. Colón used to live in a house of the predecessor in interest Ramón Reyes Dávila, and that the latter used to live with Colón's mother. That was the evidence offered by plaintiffs, and it was clearly insufficient to show that the consideration stated in the deeds of sale was simulated and that the transactions actually constituted gifts. The judgment of nonsuit was therefore correct as to the relief sought therein. We say this because the judge

who presided at the case on its merits confined himself to granting the motion of nonsuit as to the second cause of action, and as to codefendant Colón with respect to the first cause of action, but no so as to codefendant Carmen Delia Reyes with respect to the first cause of action. The Arecibo Court should have also granted the motion of nonsuit in both causes of action as respects Carmen Delia Reyes, since the evidence was also insufficient as to her. It is true that, technically, the defendants have not challenged before us the judgment of nonsuit since that judgment fails to include the dismissal of the action as to Carmen Delia Reyes in both causes of action. However, the order on reconsideration of the judgment is before this Court and, in furtherance of justice and to avoid unnecessary delay in this litigation, it being clear that the evidence was insufficient as to both defendants and that the suit should end there, we should not only reverse the order appealed from but also render judgment dismissing the action as to both defendants, in both causes of action. This procedure is authorized by the provisions of the Act of March 12, 1903, which provides that the Supreme Court "in its deliberations and decisions in all cases, civil or criminal, . . . shall not be confined to the errors in proceeding (procedure) or of law only, as they are pointed out, alleged or saved by the respective parties to the suit, or as set fourth (forth) in their briefs and exceptions, but in furtherance of justice, the court may also take cognizance of all the facts and proceedings in the case as they appear in the record, and likewise consider the merits thereof, so as to promote justice and right and to prevent injustice and delay." See, by analogy, *Rivera* v. *Heirs of Lugo*, 42 P.R.R. 183, where that law is applied.

It could be argued that, at the commencement of the hearing of the case on its merits and in view of the incidents above transcribed, the parties stipulated orally that plaintiffs could amend the complaint subsequent thereto and introduce evidence on new facts. However, the stipulation was to have

effect only in the event the court, which had postponed its decision on the motion to dismiss the complaint, should decide after hearing the evidence that the complaint did not state facts sufficient to constitute a cause of action. The stipulation did not cover the contingency, which arose later, that the court would grant the motion of nonsuit for insufficiency of the evidence introduced by plaintiffs. According to Rule 41(b) of the Rules of Civil Procedure, unless the court in its order for dismissal otherwise specifies (it was not specified in the instant case), the dismissal operates as an adjudication upon the merits, as was the case here. The purpose of that rule is to permit defendant to avoid the expenses and delay of proceeding further with the trial. Moore's Federal Practice, Vol. 5, §§ 41.13 and 41.14, pp. 1041, 1046, 2d ed.; *Gary Theatre Co.* v. *Columbia Pictures Corp.*, 120 F. 2d 891; *Mas* v. *Coca Cola Co.*, 198 F. 2d 380. It is held in these cases that a judgment of nonsuit is a judgment on the merits which operates as a bar to a new action and constitutes res judicata.[1] In view of the circumstances of this case, it was not permissible to file amended complaints and to present new evidence on the allegations contained in the judgment of nonsuit. *Cf. Talavera* v. *City Delivery Express Co.*, 57 P.R.R. 453, in which it is held that an order was correct which denied leave to amend a complaint after judgment of nonsuit was rendered. We have made reference to the circumstances of this case because, under any amendment that could have been incorporated in the complaint, plaintiffs were bound nonetheless to prove that the consideration set forth in the deeds was simulated and that those deeds actually involved gifts. The evidence introduced at the trial on its merits was wholly insufficient to support those allegations.

---

[1] It was held in *Meléndez* v. *Cividanes*, 63 P.R.R. 4, 12, that a judgment of nonsuit does not operate as a judgment on the merits. However, it was expressly stated in the opinion that the judgment in question was rendered in 1925, and that rule 41(b) was not therefore applicable to that case.

 Incidentally, the appeal in the instant case was taken from an order granting a motion for reconsideration of judgment. An order overruling a motion for reconsideration that refers to questions included in the judgment and which may be considered on appeal from the judgment itself is not appealable. *Ponce* v. *F. Badrena e Hijos, Inc.*, 74 P.R.R. 210, 323, and cases therein cited. However, that rule is not applicable to the case at bar since the order appealed from vacated the judgment in its entirety and, therefore, there is no possibility of duplicating the issues raised in the judgment.

 The procedure followed in the lower court has been marked by certain peculiarities. Upon analyzing them, and considering the essential aims of justice and procedural convenience, this suit should not continue, since at the trial on its merits plaintiffs failed to support with substantial evidence the two causes of action against both defendants. That insufficiency cannot be cured by subsequent amendments, according to standards of sound discretion.

Therefore, the order appealed from will be reversed and judgment entered dismissing both causes of action as respects both defendants.