JENNIÉ REYES MEJÍAS y EVA LIGIA REYES DE LÓPEZ, demandantes y apeladas, *v.* CARMEN DELIA REYES y RAÚL A. COLÓN CANDELARIA, demandados y apelantes.

Número 10936.

*Sometido:* 15 de diciembre de 1953.   *Resuelto:* 31 de marzo de 1954.

*Ángel Fernández Sánchez,* abogado de·los apelantes; *Armando A. Miranda,* abogado de las apeladas.

El Juez Asociado Señor Ortiz emitió la opinión del tribunal.

En este recurso de apelación se impugna una resolución de un juez de la Sección de Arecibo del anterior Tribunal de Distrito, en que deja sin efecto una sentencia de desestimación de la acción en virtud de un *nonsuit,* cuya sentencia se había dictado por otro juez de la antigua Corte de Distrito de Arecibo, aproximadamente dos años antes de la resolución aquí impugnada, aunque tal sentencia se notificó aproximadamente un año y cinco meses después. Los hechos concretos son los siguientes:

Jennie Reyes Mejías y Eva Ligia Reyes de López radicaron en la antigua Corte de Distrito de Arecibo una demanda de Nulidad de Escrituras y otros extremos, contra los codemandados Carmen Delia Reyes ·y Raúl A. Colón Candelaria. En esa demanda original, que se compone de dos causas de acción, se alega, en síntesis, que las demandantes son hijas legítimas, y la codemandada Carmen Delia Reyes es hija natural reconocida, de Ramón Reyes Dávila; que este último, el día 4 de enero de 1947, en virtud de una escritura pública, transfirió el título sobre cierta propiedad a favor de Carmen Delia y que en la misma fecha, en virtud de otra escritura, transfirió el título sobre otra propiedad a Carmen Delia y a Raúl Colón Candelaria; que a pesar de que en las escrituras se hizo constar ciertas cantidades como precio de venta, "lo cierto es que dicho traspaso constituyó una donación intervivos a título gratuito", y que en virtud de esas escrituras el causante Reyes Dávila "se despojó de la totalidad de sus bienes en perjuicio y menoscabo de los derechos de sus hijas

legítimas, las aquí demandantes, sin que hubiese mediado precio cierto ni consideración de clase alguna" en tales traspasos y que las escrituras son nulas "por carecer de consideración el contrato y constituir una simulación". En la segunda causa de acción se alegaba que Reyes Dávila retiró de un banco la suma de $10,000 y se la entregó a los demandados "sin que mediara consideración de clase alguna", siendo por lo tanto una donación en perjuicio de las demandantes, habiendo Reyes Dávila dispuesto de todos sus bienes.

Los codemandados presentaron una moción de desestimación basada en la alegada insuficiencia de los hechos expuestos en la demanda para constituir reclamaciones válidas. Esa moción fué declarada sin lugar, y los demandados radicaron entonces su contestación. Se señaló la vista del caso en sus méritos el 25 de agosto de 1949, y antes de iniciar las demandantes la presentación de su prueba, los demandados reprodujeron y argumentaron oralmente su moción de desestimación. Ocurrieron entonces los siguientes incidentes:

"Abogado Sr. Fernández Sánchez (abogado de los demandados): Voy a pedir tiempo para un memorándum de autoridades después. Hay un punto en que el compañero tiene razón. Se radicó una excepción a la demanda. Se hizo para demorar. Pero en estas condiciones, pido a la Corte que use de su discreción y en mérito a los puntos expuestos por la parte demandada, si tuvieran méritos, reconsidere su resolución no en el sentido de declarar con lugar la excepción, sino que reconsidere dejando la resolución de las cuestiones de derecho abierta para que en definitiva la Corte pueda dictar la sentencia que corresponda sosteniendo su criterio o bien declarando con lugar las mismas y desestimando la demanda. Invoco la discreción judicial.

"Hon. Juez: Es la práctica de los tribunales, que en un caso como éste, donde se presenta una excepción y se somete sin memorándum ni discusión, la Corte no puede ponerse a estudiar el caso y la declara sin lugar, sin estudios. Las considera meramente dilatorias. Siguiendo esa práctica, la Corte dictó su resolución del 24 de mayo. La Corte está dispuesta a considerar la cuestión planteada por la parte demandada. Ahora bien, el orden lógico del procedimiento sería resolver primero esa cues-

tión antes de entrar en la prueba, ya que la admisibilidad de la evidencia, en gran parte, dependería de si las alegaciones alegan o no alegan los hechos necesarios. Si las partes lo desean, la Corte puede reservarse la resolución de esa cuestión y oír la prueba. Pero tendría que ser por una estipulación de las partes, que la Corte no podría imponer ese procedimiento, que no es el procedimiento lógico. De lo contrario, la Corte tomaría tiempo para resolver la cuestión de derecho.

"Abogado Sr. Fernández Sánchez: Entonces me permito hacer la siguiente moción: Que la Corte nos permita presentar la prueba, y fundándonos en las reglas del Enjuiciamiento Civil, para perpetuar esas declaraciones. Entonces, si la Corte declarara sin lugar la excepción, entonces nosotros haríamos la moción correspondiente para que esas declaraciones que se han perpetuado se presenten como evidencia y la Corte entonces pueda resolver por los méritos.

"Abogado Sr. Susoni: Eso es precisamente lo que dijo la Corte.

"Hon. Juez: La Corte no desea imponer su procedimiento. El deber de la Corte es resolver la cuestión de derecho primero. Si las partes estipulan, la Corte puede ofrecer esa estipulación.

"Abogado Sr. Fernández Sánchez: Pedimos que la Corte oiga esa prueba y que resuelva la cuestión de derecho primero y después el caso en su fondo.

"Abogado Sr. Susoni: No hay problema. Hay una cuestión, a ver si él acepta la siguiente estipulación: el compañero ha planteado una cuestión de derecho. Se ha solicitado la estipulación siguiente, o sea, de presentar la prueba hoy y la Corte resolver después la cuestión de derecho planteada. Si la Corte la declara sin lugar, o mejor dicho, si declara dichas cuestiones de derecho con lugar, la prueba ya está ofrecida y estaríamos impedidos de enmendar la demanda en caso que tuviéramos necesidad de enmendar la demanda. Voy a estipular otra cuestión con el compañero.

"Abogado Sr. Fernández Sánchez: Yo me allano a que la Corte dicte una resolución comprendiendo la oportunidad a los demandantes a enmendar su demanda, si fueran declaradas con lugar las cuestiones de derecho. El que tenga la razón, que se le dé.

"Abogado Sr. Susoni: Entonces no hay objeción.

"Hon. Juez: La Corte concede diez días a la parte demandada para presentar un memorándum en apoyo de las cuestiones

levantadas, y diez días a la parte demandante para replicar en relación con las cuestiones de derecho.

"Abogado Sr. Susoni: ¿Estamos entendidos que en caso que la Corte declare que la excepción previa planteada por el compañero sea con lugar, tendríamos oportunidad de enmendar la demanda y presentar prueba adicional?

"Abogado Sr. Fernández Sánchez: Siempre que sea de un hecho nuevo.

"Hon. Juez: Sobre hechos nuevos cubiertos por las enmiendas."

Al terminar la presentación de la prueba de la demandante los demandados presentaron una moción de *nonsuit* solicitando la desestimación de la acción en virtud de la alegada insuficiencia de la prueba presentada por las demandantes. El juez que presidió la vista declaró con lugar la moción en cuanto a la segunda causa de acción con respecto a ambos codemandados, y con lugar en cuanto a la primera causa de acción con respecto al codemandado Raúl A. Colón, pero no así con respecto a la codemandada Carmen Delia Reyes, ya que, según el tribunal, había un "principio de evidencia" con respecto a Carmen Delia en lo relativo a la primera causa de acción. El abogado de ambos demandados sometió entonces el caso, anunciando que no presentaría prueba de clase alguna. Ocurrió entonces lo siguiente:

"Hon. Juez: Queda pendiente el memorándum sobre la cuestión de derecho.

"Abogado Sr. Fernández Sánchez: Tendría que presentar un memorándum en cuanto a Carmen Delia.

"Hon. Juez: La Corte resolverá."

El mismo día 25 de agosto de 1949 el tribunal de Arecibo dictó la siguiente sentencia:

"En el día de hoy se llamó este caso por su orden de señalamiento para la vista del juicio, y comparecieron las partes asistidas de sus abogados, Lcdos. Esteban Susoni Lens y Ángel Fernández Sánchez, respectivamente, y anunciaron estar listas para juicio.

"Con autorización de la Corte la parte demandada sometió nuevamente su moción para que se desestime la demanda por no alegar la misma una causa de acción, y argumentada por las partes éstas estipularon que se procediese a recibir la evidencia de ambos, se concedieron diez días a los demandados para presentar memorándum sobre la moción e igual término a las demandantes para replicarlo, y la Corte resolviese dicha moción en primer término, y si la declarase con lugar, diese a las demandantes oportunidad de enmendar la demanda y de presentar evidencia adicional sobre nuevos hechos que se alegaran a virtud de la enmienda; y de declararse sin lugar la moción, la Corte entonces procedería a resolver el caso en su fondo por el resultado de la evidencia que se ofreciese en el día de hoy.

"La Corte aprobó la estipulación y se procedió a la práctica de la prueba de las demandantes, terminada la cual los demandados interpusieron moción de "nonsuit" fundada en que la evidencia presentada no establecía un caso a favor de las demandantes y contra los demandados, solicitando se desestimase la demanda, habiendo argumentado ambas partes esta moción.

"La Corte declara con lugar la moción de "nonsuit" y desestima la demanda en su segunda causa de acción en cuanto a ambos demandados, y en su primera causa de acción en cuanto al demandado Raúl A. Colón Candelaria, por no ser suficiente la evidencia presentada por las demandantes para sostener la primera causa de acción contra dicho Colón ni la segunda contra ambos demandados, e impone a las demandantes las costas del demandado Colón, sin incluir honorarios; y declara sin lugar la moción en cuanto a la primera causa de acción en lo que a la demandada Carmen Delia Reyes se refiere, y habiendo dicha demandada sometido el caso sin ofrecer evidencia, se procederá a dictar sentencia en cuanto a la misma se refiere, por la primera causa de acción, una vez se reciban los memoranda sobre la moción para desestimar la demanda por falta de causa de acción, y se resuelva dicha moción."

La notificación de esa sentencia no fué archivada en autos hasta el día 29 de enero de 1951.

El 23 de septiembre de 1949 la codemandada Carmen Delia Reyes presentó una "moción y memorándum" en que alegaba que los hechos alegados en la demanda eran insuficientes para constituir una reclamación válida contra ella, y que, en

la alternativa, que la prueba presentada por las demandantes en el día del juicio era insuficiente para establecer una reclamación válida contra ella, en cuanto a ambas causas de acción. El 9 de enero de 1950 el mismo juez que había presidido la vista resolvió que la demanda, en su primera causa de acción, no aducía hechos suficientes contra Carmen Delia, y desestimó tal causa de acción en cuanto a ella, y siguió disponiendo el tribunal que "se conceden a las demandantes diez días contados desde que se les notifique esta orden para radicar demanda enmendada en su primera causa de acción, conforme con los términos de esta orden, y una vez contestada dicha demanda enmendada las partes, o cualquiera de ellas, gestionarán señalamiento del caso para que las demandantes tengan oportunidad de presentar evidencia sobre los nuevos hechos que alegaron (sic) a virtud de la enmienda".

El 19 de enero de 1950 las demandantes presentaron una demanda enmendada contra ambos demandados. El 11 de abril de 1950 las demandantes, representadas por otro abogado, presentaron una moción solicitando permiso para radicar una nueva demanda enmendada. El 6 de diciembre de 1950 un juez distinto al que había presidido la vista, dictó resolución concediendo tal permiso. No aparece de los autos que tal nueva o segunda demanda enmendada se haya radicado. El 6 de febrero de 1951, o sea, aproximadamente un año y 6 meses después de haberse dictado la sentencia de desestimación por insuficiencia de la prueba (*nonsuit*), pero dentro de los quince días posteriores al archivo en autos de la notificación de la sentencia, las demandantes presentaron una moción en que solicitaban que se reconsiderase y se dejase sin efecto tal sentencia. Como ya hemos visto, aunque de los autos aparece que la sentencia fué dictada el 25 de agosto de 1949, también surge de los autos que la notificación de la sentencia fué archivada en autos y enviada al nuevo abogado de las demandantes el 29 de enero de 1951.

El 23 de agosto de 1951 un juez distinto al que había presidido la vista y había dictado la sentencia de *nonsuit*, dictó la siguiente resolución:

"La parte demandada radicó una moción solicitando de la Corte se deje sin efecto la sentencia dictada en este caso y se permita a la parte demandante enmendar su demanda.

"Señalada la vista de la moción, compareció la parte demandante y argumentó.

"La Corte, por ser de justicia, deja sin efecto la sentencia dictada y concede permiso a la demandante para enmendar su demanda en el término de diez días a contar desde que sea notificada de esta resolución."

Contra esa resolución es que han apelado los demandados en este caso, alegando que tal resolución es contraria a derecho.

La moción de reconsideración que dió lugar a la resolución impugnada no participa de la naturaleza de una moción para dejar sin efecto una sentencia a tono con la regla 60 de las Reglas de Enjuiciamiento Civil, ya que las demandantes promoventes no alegaron ni demostraron que la sentencia de *nonsuit* hubiese sido dictada por error, inadvertencia, sorpresa o negligencia excusable, ni por ningún otro motivo extrínseco a los méritos de la sentencia. *González* v. *Am. Surety Co.*, 71 D.P.R. 354, 357, 358; *Gual* v. *Tribl. de Distrito*, 71 D.P.R. 305. La moción de reconsideración se refería a los méritos intrínsecos de la sentencia y, por lo tanto, ella cae bajo el ámbito de aplicación del artículo 292 del Código de Enjuiciamiento Civil. (Véanse los dos casos anteriormente citados.) Bajo las disposiciones de dicho artículo, la moción de reconsideración tenía que radicarse dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia. (Véase el caso de *Tefel* v. *Coane*, resuelto el 26 de enero de 1949, con opinión *per curiam*.) Aunque en el caso de autos la sentencia de *nonsuit* fué dictada en corte abierta el 25 de agosto de 1949, la notificación de la sentencia fué archivada

en autos el día 29 de enero de 1951. La moción de reconsideración fué radicada el día 6 de febrero de 1951, o sea, dentro del término estatutario de quince días, habiendo sido radicada, por lo tanto, en tiempo hábil. Alegan los demandados apelantes que la sentencia de *nonsuit* fué dictada en corte abierta, en presencia de las partes y que, por lo tanto, debe considerarse que la notificación de la sentencia se efectuó en ese día, 25 de enero de 1949, debiendo computarse a partir de esa fecha, el término estatutario de quince días. Pero el artículo 292 requiere que el término de quince días empiece a computarse desde la fecha *del archivo en autos* de la notificación de la sentencia, y no meramente desde la notificación en sí. Debe darse cumplimiento a los requisitos específicos del estatuto, en cuanto al punto de partida para computar el término correspondiente, siendo irrelevante el que la parte haya tenido conocimiento actual de la sentencia antes de la fecha señalada en el estatuto. 4 C.J.S. 917, 918, sec. 447; *McDonald* v. *McDonald*, 168 Cal. 433, 143 Pac. 726; *Hartfield* v. *Alderete*, 145 Pac. 146. En el caso de *González* v. *American Surety Co.*, supra, la resolución en cuestión fué dictada en corte abierta, pero se resolvió que el término señalado en el artículo 292 debe computarse desde la fecha en que se archivó en autos la notificación de la sentencia.

■■ Como ya hemos indicado, la moción de reconsideración se refería a los méritos intrínsecos de la sentencia de *nonsuit*. Desde ese punto de vista, fué errónea la resolución que dejó sin efecto la sentencia, ya que esta última estuvo plenamente justificada, en cuanto a los extremos en ella comprendidos. Al reconsiderar y dejar sin efecto la sentencia, el tribunal de Arecibo indicó que lo hacía "en bien de la justicia". Pero no había fundamento alguno de ley o de justicia para dejar sin efecto la sentencia. La prueba presentada por las demandantes fué claramente insuficiente para sostener una reclamación válida contra ambos demandados en cuanto a ambas causas de acción. Como ya hemos indicado,

la demanda original contiene dos causas de acción. En la primera se alega que dos escrituras de compraventa realmente constituían escrituras de donación, siendo simulada la causa expuesta y que, por lo tanto; constituían donaciones inválidas. En la segunda causa de acción se alega que el causante de las demandantes retiró cierta suma de un banco y la entregó a los demandados, sin que mediara causa o "consideración". Las demandantes no presentaron prueba de clase alguna para sostener la segunda causa de acción. En cuanto a la primera causa de acción, se hacía preciso demostrar y probar que la causa señalada en las escrituras era simulada, y que realmente las transferencias constituían donaciones, y no ventas, de las fincas. Las demandantes presentaron ambas escrituras en evidencia, y presentaron el testimonio de los testigos, el notario, Lic. José E. Díaz, el Sr. Venancio González Olivo. El Lic. Díaz se limitó a declarar que en cierta fecha, anterior al otorgamiento de las escrituras ante otro notario, el causante fué a su oficina con ambos demandados y solicitó que se preparasen y otorgasen unas escrituras de donación negándose a ello el testigo, por considerar que tales donaciones serían nulas. Venancio González Olivo declaró que el codemandado Raúl A. Colón había vivido en una casa del causante Ramón Reyes Dávila, y que este último vivía con la madre de Colón. Ésa fué la prueba presentada por las demandantes, y ella fué claramente insuficiente para demostrar que la causa expuesta en las escrituras de venta fué simulada, y que las transacciones realmente constituían donaciones. Fué correcta, por lo tanto, la sentencia de *nonsuit*, en cuanto a los extremos en ella cubiertos. Decimos esto último porque el Juez que presidió la vista del caso en sus méritos se limitó a declarar con lugar la moción de *nonsuit* en cuanto a la segunda causa de acción y en cuanto al codemandado Colón con respecto a la primera causa de acción, pero no así en cuanto a la codemandada Carmen Delia Reyes en lo concerniente a la primera causa de acción. El tribunal de Arecibo debió haber declarado tam-

bién con lugar la moción de *nonsuit* en cuanto a Carmen Delia Reyes, en ambas causas de acción, ya que la prueba fué insuficiente en cuanto a ella también. Es cierto que, técnicamente, los demandados no han impugnado ante nos la sentencia de *nonsuit*, en tanto en ella se omite la desestimación de la acción en cuanto a Carmen Delia Reyes, en lo relativo a ambas causas de acción. Pero la resolución de reconsideración de sentencia está ante este Tribunal y, en bien de la justicia, y para evitar que este litigio se prolongue innecesariamente, ya que es claro que la prueba fué insuficiente en cuanto a ambos demandados, y ahí debe darse por terminado el litigio, debemos no solamente revocar la resolución apelada sino también dictar sentencia desestimando la acción en cuanto a ambos demandados y en cuanto a ambas causas de acción. Este procedimiento está autorizado por las disposiciones de la Ley de 12 de marzo de 1903 (pág. 58), que dispone que el Tribunal Supremo "en sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, . . . no se limitará solamente a infracciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos para la mejor administración de justicia y del derecho, y evitar injusticias y demoras." Véase, por analogía, el caso de *Rivera* v. *Sucn. Lugo*, 42 D.P.R. 189, en donde se aplica tal ley.

Se podría alegar que, al iniciarse la vista del caso en sus méritos, y según los incidentes que hemos transcrito anteriormente, las partes estipularon oralmente que las demandantes podrían enmendar la demanda posteriormente, y presentar prueba sobre nuevos hechos. Pero la estipulación se refería solamente al caso en que el tribunal, que había pospuesto su resolución sobre la moción de desestimación de la

demanda, resolviese posteriormente, después de haberse presentado la prueba, que la demanda no aducía hechos suficientes para constituir una reclamación válida. La estipulación no cubría la eventualidad, que luego se realizó, de que el tribunal declarase con lugar una moción de *nonsuit* por insuficiencia de la prueba presentada por las demandantes. De acuerdo con la regla 41(*b*) de las Reglas de Enjuiciamiento Civil, a menos que la corte, en su orden de desestimación de la acción basada en la insuficiencia de la prueba, lo especifique de otro modo, (como no lo especificó en este caso), la desestimación tiene el efecto de una adjudicación en los méritos, como lo tuvo en el caso de autos. Es el propósito de tal regla el permitir al demandado el evitar los gastos y las dilaciones que podrían surgir de la continuación indebida del litigio. Moore's *Federal Practice*, Tomo 5, sec. 41.13 y 41.14, pág. 1041, 1046, 2da. ed.; *Gary Theatre Co.* v. *Columbia Pictures Corp.*, 120 F.2d 891; *Mas* v. *Coca Cola Co.*, 198 F.2d 380. En estos casos se determina que una sentencia de desestimación de una acción en virtud de un *nonsuit* constituye una adjudicación sobre los méritos que impide una nueva acción y constituye *res judicata*.[1] En vista de las circunstancias de este caso, no era permisible el radicar demandas enmendadas y presentar nueva prueba en cuanto a los extremos comprendidos en la sentencia de *nonsuit*. Cf. *Talavera* v. *City Delivery Express Co.*, 57 D.P.R. 464, en que se indica que estuvo bien rechazada una petición para enmendar una demanda después de haberse dictado una sentencia de *nonsuit*. Hemos hecho referencia a las circunstancias de este caso, porque bajo cualquier enmienda que se hubiera podido hacer a la demanda, las demandantes siempre hubieran tenido que demostrar que la causa expuesta en las escrituras era simulada

---

[1] En el caso de *Meléndez* v. *Cividanes*, 63 D.P.R. 4, 13, se resolvió que una sentencia de *nonsuit* no constituía una adjudicación sobre los méritos. Sin embargo, se hizo constar expresamente en la opinión que la sentencia en cuestión había sido dictada en el año 1925 y que, por lo tanto, la Regla 41(*b*) no era aplicable al caso.

y que las escrituras realmente envolvían donaciones. La prueba presentada en el juicio en sus méritos fué totalmente insuficiente para demostrar tales extremos.

■ Incidentalmente, en este caso se ha apelado de una resolución declarando con lugar una moción de reconsideración de sentencia. No es apelable una resolución declarando sin lugar una moción de reconsideración, especialmente cuando tal moción se refiere a los extremos y cuestiones comprendidos en la sentencia y que pueden considerarse en una apelación contra la sentencia en sí. *Ponce v. F. Badrena e Hijos, Inc.*, 74 D.P.R. 225, 250, y casos ahí citados. Pero tal regla no es aplicable a este caso, en que la resolución apelada dejó sin efecto totalmente la sentencia y, por lo tanto, no hay posibilidad de duplicación en el planteamiento de las cuestiones envueltas en la sentencia.

■ El procedimiento seguido en el tribunal a quo se ha caracterizado por algunas peculiaridades. Penetrando a través de ellas, y considerando los fines de la justicia esencial y de la conveniencia procesal, este litigio no debe continuar, ya que, en el juicio en sus méritos, las demandantes no establecieron base alguna en la prueba para sus dos causas de acción contra ambos demandados. Esa insuficiencia no puede ser subsanada por enmiendas posteriores, de acuerdo con un criterio formado por el ejercicio de una sana discreción.

*Por lo tanto, debe revocarse la resolución apelada y dictarse sentencia desestimando ambas causas de acción en cuanto a ambos demandados.*