ELENA SOUCHET ET ALS., demandantes y recurrentes, *v.* JOSÉ MARÍA COSÍO, ETC. ET ALS., demandados y recurridos.

*Número:* 12398. *Resuelto:* 27 de octubre de 1961.

*Edelmiro Soldevila,* abogado de los recurrentes; *Ariel Colón Clavell, Luciano Colón Santiago* y *R. Hernández Colón,* abogados de los recurridos.

Sala integrada por el Juez Asociado señor Pérez Pimentel, como Presidente de Sala, y los Jueces Asociados señores Serrano Geyls y Rigau.

EL JUEZ ASOCIADO SEÑOR SERRANO GEYLS emitió la opinión del Tribunal.

En 1923 la sociedad mercantil Sucrs. de Cosío y Primo S. en C. demandó en cobro de dinero a Celestino Souchet ante la extinta Corte de Distrito de Ponce. Souchet fue emplazado personalmente pero no contestó la demanda, por lo que mediante la debida moción se le anotó la rebeldía. El Secretario dictó luego sentencia en rebeldía la cual le fue notificada a Souchet según consta en cédula de notificación de sentencia librada por dicho funcionario. En virtud de esa sentencia se embargaron y subastaron dos fincas, las cuales se adjudicaron a la sociedad demandante.

En 1939 los ahora demandantes incoaron una demanda de nulidad, reivindicación y otros extremos contra las mismas

personas aquí demandadas y ante la misma Corte de Distrito de Ponce. Esa demanda fue desestimada por falta de gestión según sentencia del 30 de noviembre de 1945. La Corte ordenó el archivo y sobreseimiento del caso "como asunto definitivamente terminado". Esa sentencia se notificó a los demandantes. Conviene señalar que esa acción se tomó después que el Secretario presentó mociones al efecto en los años 1940, 1941, 1944 y 1945 todas de acuerdo con la Regla 3 para las Cortes de Distrito en Casos Civiles. Los demandantes contestaron cada una de esas mociones de archivo y en todas sus contestaciones alegaron el mismo motivo para su falta de gestión, a saber, que su abogado no había podido trasladarse al barrio de Peñuelas donde residían y que por ser ellos pobres no lo podían visitar a él en San Juan.(¹) Nunca se llegó a emplazar a los demandados.

En 5 de mayo de 1954 se interpuso otra demanda en la que se hicieron constar las mismas causas de acción, por las mismas partes (o sus sucesores), suscrita por el mismo abogado y ante el mismo tribunal. Luego de los trámites correspondientes, el tribunal de instancia dictó sentencia sumaria desestimando la demanda con honorarios de abogado y costas.

Los recurrentes sostienen que el tribunal de instancia incurrió en siete errores que justifican la revocación de la sentencia. A nuestro juicio, solamente es necesario considerar una de las cuestiones planteadas.

El tribunal sentenciador resolvió que entre el pleito iniciado en 1939 y resuelto en 1945 y el presente pleito existía "la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron, tal

---

(¹) "Prácticamente en todas las mociones de los demandantes, año por año, han alegado la misma razón y nada hay en el récord que demuestre (aparte de esas mociones) que los demandantes hayan hecho gestión alguna que demuestre interés en el mismo, y no habiendo razón alguna que justifique dejar este caso abierto, la Corte por la presente declara sin lugar la moción de los demandantes y con lugar la moción del Secretario, y ordenando como ordena el archivo y sobreseimiento de este caso como asunto definitivamente terminado."

como lo señala el art. 1204 del Código Civil." Concluyó, a la luz de la Regla 41(b) de las de Enjuiciamiento Civil de 1943, que la primera sentencia tuvo "el efecto de una adjudicación en los méritos de la acción y tiene la fuerza, eficacia y valor de cosa juzgada en el presente litigio".

Los recurrentes no atacan la conclusión del juez sentenciador sobre la identidad de causas, cosas y personas entre los dos pleitos sino que alegan la nulidad e inconstitucionalidad de la Regla 41(b) por ser contraria al Código Civil y constituir una indebida delegación del poder legislativo al poder judicial. Sostienen, además, que la aplicación a su caso de dicha Regla le privaría de su propiedad sin el debido proceso de ley y que como cuestión de "justicia" no debe regir en este pleito.

No hay duda alguna, y como ya señalamos los recurrentes no lo niegan, que entre ambos pleitos existe una completa identidad de partes, cosas y causas de acción. No sólo es así, sino que las palabras usadas en ambas demandas son prácticamente las mismas con excepción de las cantidades asignadas y reclamadas, las cuales se aumentaron en la segunda demanda, seguramente por el efecto del alza causada por el tiempo transcurrido en los valores de los bienes reclamados.

La citada Regla 41(b) dispone lo siguiente:

"(b) *Desestimación; Sus Efectos*—Si el demandante dejare de proseguir la acción o de cumplir con estas Reglas o con cualquier orden de la corte, un demandado puede solicitar la desestimación de la acción o de cualquier reclamación contra él. Después que el demandante haya terminado la presentación de su evidencia, el demandado, sin renunciar al derecho de ofrecer evidencia en el caso de que la moción no sea concedida, podrá solicitar la desestimación fundado en que los hechos y la ley no demuestran que el demandante tenga derecho a un remedio. A menos que la corte en su desestimación lo especifique de otro modo, una desestimación bajo esta subdivisión y una desestimación no provista por esta Regla—excepto la que se hubiese

dictado por falta de jurisdicción—tienen el efecto de una adjudicación en los méritos." (32 L.P.R.A., Apéndice, pág. 671) (²)

■ Es claro que esta Regla, como las demás del mismo cuerpo legal, tenía aplicación a todos los pleitos pendientes a la fecha de su adopción—Regla 86; *Martínez Fernández & Cía.* v. *García*, 68 D.P.R. 391, 395–396 (1948) ; *Berdecía* v. *Tyrell*, 82 D.P.R. 698 (1961) ; *Bolker* v. *Tribunal Superior*, 816 (1961)—y, por consiguiente, al pleito iniciado por los recurrentes en 1939 y que no fue resuelto hasta 1945.

■ La citada Regla es idéndica a la 41 (b) federal y al igual que ella permite que el tribunal a moción propia pueda desestimar una demanda por "dejarse de proseguir la acción". *Pérez* v. *Bauzá*, 83 D.P.R. 220 (1961) ; *Boling* v. *United States*, 231 F.2d 926, 927 (Cir. 9, 1956) ; *Russell* v. *Cunningham*, 233 F.2d 806, 808 (Cir. 9, 1956) ; 5 Moore's *Federal Practice*, 2a. ed., 1951, pág. 1036; 2 Barron and Holtzoff, *Federal Practice and Procedure*, 1950, pág. 636. La Regla 83 también valida la desestimación. 9 *Cyclopedia of Federal Procedure*, 104–107 (1951). Es, además, evidente —en la hipótesis de que pudiese plantearse la cuestión en este recurso—que la antigua Corte de Distrito de Ponce no abusó de su discreción al desestimar la demanda luego de haber transcurrido más de seis años de haber sido interpuesta y de haberse concedido numerosas prórrogas a los demandantes sin que ellos evidenciaran interés en el asunto. El no haberse emplazado a los demandados en dicho pleito no constituye un factor eximente, según sostienen los recurrentes, sino por el contrario uno que agrava la desidia de ellos que evidencian los autos. *Messenger* v. *United States*, 231 F.2d 328, 331 (Cir. 2, 1956) ; Moore, *ob. cit.* pág. 1039.

■ Por mandato de la propia Regla, y como la Corte de Distrito no lo especificó de otro modo, la desestimación orde-

---

(²) La Regla 39.2 de las de Procedimiento Civil vigentes contiene requisitos similares, aunque se le han hecho algunos cambios. 32 L.P.R.A., Suplemento Acumulativo de 1960, págs. 141–142.

nada constituye una adjudicación en los méritos e impide, por tanto, otro pleito fundado en las mismas causas de acción. *Reyes* v. *Reyes*, 76 D.P.R. 284, 295 (1954); *American National Bank & Trust Co. of Chicago* v. *United States*, 142 F.2d 571, 572 (Cir. D. C. 1944); *Daley* v. *Sears, Roebuck and Co.*, 90 F.Supp. 562, 563 (D. C. Ohio, 1950); *Bartfield* v. *Parkhurst*, 117 F. Supp. 82, 83 (D.C P.R., 1953); Moore, *ob. cit.* pág. 1039; *Barron & Holtzoff, ob. cit.*, Suplemento de *1960*, pág. 244.

Se nos dice, sin embargo, que como cuestión de "justicia" y al amparo de la Regla 86,([3]) debemos eximir a los recurrentes del mandato de la Regla 41(b). Los hechos en modo alguno justifican esa exención. Durante seis años los recurrentes mantuvieron el primer pleito en la antigua Corte de Distrito sin realizar las gestiones necesarias para completar los trámites, no obstante habérseles concedido varias prórrogas anuales para ello. Dictada la sentencia que ordenó el archivo y sobreseimiento, los recurrentes no pidieron que se enmendara para no tener el efecto de una adjudicación en los méritos, ni solicitaron reconsideración, ni apelaron a este Tribunal ni pidieron se dejara sin efecto la sentencia de acuerdo con las disposiciones de la Regla 60(b). Moore, *ob. cit.* pág. 1040, escolio 26. No hicieron absolutamente nada y nueve años más tarde presentaron una demanda prácticamente idéntica ante el mismo tribunal. Es difícil imaginar circunstancias más claras para la aplicación de la Regla 41(b). Si dejáramos de aplicarla a esos hechos, destruiríamos sus propósitos y la norma estatutaria de *res judicata* incorporada en ella. Se trata, además, de un pleito

---

([3]) "Estas reglas empezarán a regir el día primero de septiembre de 1943. Se regirán por ellas todos los procedimientos en acciones iniciadas. después que las mismas hayan empezado a regir, y también todos los procedimientos subsiguientes en acciones que estuvieren entonces pendientes, excepción hecha en tanto en cuanto en opinión de la corte su aplicación a una acción determinada pendiente no sea factible o pueda causar una injusticia, en cuyo caso se aplicará el procedimiento anterior." 32 L.P.R.A. Apéndice, pág. 704.

de relaciones puramente privadas en el cual no existen consideraciones especiales algunas de orden público que, como en *Pérez* v. *Bauzá*, supra, nos persuadieran a adoptar una norma opuesta.

■ Los apelantes insinúan, aunque no lo afirman categóricamente, que las Reglas de 1943 no fueron debidamente aprobadas. Una simple lectura de la Ley Núm. 9 de 5 de abril de 1941 (*Leyes*, pág. 331),[4] de la comunicación de 18 de marzo de 1943 dirigida por este Tribunal a las cámaras legislativas (60 D.P.R., Apéndice, pág. III)[5] y de la Regla 86 desvanece toda duda al respecto.[6] Las alegaciones de invalidez de la Regla 41(b) fundadas en que existió una indebida delegación de poderes, una privación de la propiedad sin el debido proceso de ley, y una violación del Código Civil,

---

[4] "Sección 1.—La Corte Suprema de Puerto Rico, mediante reglas que promulgará y pondrá en vigor de tiempo en tiempo, tendrá la facultad de regular los procedimientos judiciales en todas las cortes de Puerto Rico, con el propósito de simplificar los mismos y promover una rápida administración de justicia. Tales reglas no podrán derogar, ampliar o modificar los derechos sustantivos de los litigantes.

"Una vez aprobadas dichas reglas, se remitirá copia de las mismas a la Asamblea Legislativa en su próxima sesión ordinaria y no comenzarán a regir hasta la clausura de dicha sesión.

"La Corte Suprema hará que dichas reglas sean impresas y las pondrá a la venta en la secretaría del tribunal al costo de impresión."

[5]                                          "San Juan, Puerto Rico,
                                              18 de marzo de 1943.

Al Senado y a la Cámara de Representantes de Puerto Rico

Reunidos en Sesión Ordinaria:

Por orden del tribunal y en cumplimiento de lo dispuesto en la Ley núm. 9 de 1941, pág. 331, tengo el honor de remitir a esa Asamblea copia de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico aprobadas por la Corte Suprema de acuerdo con dicha ley, para comenzar a regir el primero de septiembre próximo.

                            Respetuosamente,

                            (Firmado)   EMILIO DEL TORO,
                                        *Juez Presidente de la*
                                        *Corte Suprema de Puerto Rico.*"

[6] Examínese, además, la Ley Núm. 465 de 25 de abril de 1946 (*Leyes*, pág. 1357).

son demasiado frívolas para merecer discusión. Tampoco tiene méritos el pedido de revocar la condena de honorarios de abogado.

En conclusión, el tribunal de instancia actuó correctamente al darle curso, mediante moción de sentencia sumaria, (⁷) a la defensa de cosa juzgada interpuesta por la parte demandada. Esa razón era suficiente para desestimar la demanda y huelga, por tanto, examinar las demás cuestiones resueltas por dicho tribunal y los planteamientos de los recurrentes relativos a ellas.

*Se confirmará la sentencia recurrida.*

---

(⁷) La prueba documental ofrecida por la parte demandada cubría todos los aspectos de la cuestión de cosa juzgada y no dejaba controversia alguna que dilucidar. Los demandantes no ofrecieron prueba documental alguna. *Sánchez* v. *De Choudens*, 76 D.P.R. 1, 10 (1954); *Cortés Piñeiro* v. *Sucn. A. Cortés*, 83 D.P.R. 685 (1961).