

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Wilfredo Sánchez Rodríguez <br><br> Peticionario <br><br> v. <br><br> Administración de Corrección y otros <br><br> Recurridos | Certiorari <br><br> 2009 TSPR 186 <br><br> 177 DPR ____ |

Número del Caso: CC-2008-1162

Fecha: 29 de diciembre de 2009

Tribunal de Apelaciones:

Región Judicial de Ponce

Jueza Ponente:

Hon. Mildred Pabón Charneco

Abogado de la Parte Peticionaria:

Por derecho propio

Materia: Violación a Derechos Civiles, Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wilfredo Sánchez Rodríguez
        Peticionario

                                        *Certiorari*

            v.
                                    CC-2008-1162

Administración de Corrección
y otros
            Recurridos

Opinión del Tribunal emitida por la Jueza Asociada señora Fiol Matta.

En San Juan, Puerto Rico, a 29 diciembre de 2009.

El 2 de agosto de 2005, Wilfredo Sánchez Rodríguez, quien se encuentra en una institución de máxima seguridad en el Complejo Correccional de Ponce, instó una demanda *in forma pauperis* sobre daños y perjuicios contra la Administración de Corrección (AC). El demandante alegó que el 19 de enero de 2004 los oficiales de custodia y de la Unidad de Control de Disturbios de la institución donde se encuentra cumpliendo una sentencia, lo sometieron a un registro ilegal y humillante.

Adujo que lo sacaron de su celda esposado a las espaldas y lo llevaron al área pasiva donde se encontraban los demás confinados del Cuadrante B-5.

Una vez allí, se le obligó a desnudarse bajo intimidación y amenazas. Estando todos los confinados desnudos y rodeados por los oficiales de custodia, de manera indigna y humillante, los obligaron a pararse encima de un espejo y doblarse en cuclillas, de forma que expusieran sus partes íntimas y cavidades anales a los oficiales de custodia y a los otros confinados. Posteriormente, los mantuvieron, por espacio de una hora, esposados en las espaldas y sentados en el suelo. El señor Sánchez Rodríguez, además, arguyó que ese incidente no fue el primero ni el último de esta naturaleza. Añadió que el Superintendente de la institución penal continuó posteriormente con esa práctica, actuando de forma ilegal y violando los derechos constitucionales al trato digno y humanitario. 1 L.P.R.A. Art. II, § 12. También, señaló el demandante que la AC y sus oficiales deliberadamente le ocultaron su derecho constitucional a solicitar un remedio administrativo. Por último, alegó el demandante que esta práctica de la AC constituyó un trato cruel e inusitado en su contra, en clara violación a sus derechos civiles, y que le causó graves angustias mentales, emocionales, físicas, espirituales y psicológicas. A raíz de lo antes expuesto, el señor Sánchez Rodríguez solicitó que se le indemnizara en la cantidad de $150,000 por los daños y perjuicios sufridos.

El mismo día que presentó la demanda, el señor Sánchez Rodríguez solicitó la expedición y

diligenciamiento de los emplazamientos. Sin embargo, a raíz del traslado del caso de la Sala de San Juan del Tribunal de Primera Instancia a la Sala de Ponce, el 6 de marzo de 2006 se ordenó que se diligenciaran nuevos emplazamientos con copia de la demanda a la AC y demás demandados. Ante la inactividad del pleito, el 24 de abril de 2007 la parte demandante presentó ante el tribunal una moción informativa. En ésta se explicó la situación de los emplazamientos y se solicitó que se investigara la inactividad en el proceso. Así las cosas, el 21 de junio de 2007, el tribunal le ordenó al Alguacil General de Ponce que evidenciara el diligenciamiento de los emplazamientos. La parte demandante alegó que nunca se le notificó si se cumplió con esta orden del tribunal de mostrar evidencia de haber diligenciado los emplazamientos. Tampoco se le notificó ninguna otra orden, resolución o sentencia que se hubiera dictado en el caso.

Sin embargo, el 15 de noviembre de 2007, el foro de instancia le ordenó al señor Sánchez Rodríguez que mostrara causa por la cual no debería desestimarse el caso por inactividad. El demandante presentó una moción en cumplimiento de orden, la cual incluía diversos anejos que ponían en entredicho la supuesta inacción o inercia. También señaló que el último trámite realizado en el caso de marras había sido la orden al Alguacil General de Ponce de evidenciar que se habían diligenciado los

emplazamientos. El argumento del demandante se centraba en que, al estar confinado, su responsabilidad recaía en radicar la demanda y solicitar la expedición de los emplazamientos. Al cumplir con estas acciones, sólo restaba que la AC contestara la demanda y presentara sus alegaciones. A pesar de esto, el 25 de febrero de 2008, el Tribunal de Primera Instancia desestimó la acción con perjuicio. Inconforme, el demandante presentó una moción de reconsideración que no fue atendida por el tribunal. Al entenderse rechazada de plano, el señor Sánchez Rodríguez presentó un recurso de apelación ante el Tribunal de Apelaciones. Inicialmente, el recurso fue desestimado por falta de jurisdicción, ya que se había presentado 47 días luego de la notificación de la sentencia. Posteriormente, la parte demandante presentó una reconsideración, fundamentada en el Reglamento del Tribunal de Apelaciones, <u>4 L.P.R.A. Ap. XXII, R. 13 (A)</u>, que aplica el término de sesenta días, desde notificada la sentencia, cuando el ELA, sus funcionarios o instrumentalidades son parte del pleito. Por esto, el Tribunal de Apelaciones reconsideró.

El señor Sánchez Rodríguez señaló que el Tribunal de Primera Instancia erró al desestimar con perjuicio su reclamo, en contravención a la evidencia que obraba en el expediente. No obstante, el 16 de julio de 2008, el Tribunal de Apelaciones dictó sentencia confirmando la determinación del foro de instancia. Entendió el foro

apelativo que el expediente demuestra que los emplazamientos se diligenciaron y que el señor Sánchez Rodríguez pudo solicitar otros remedios que tenía a su alcance. Por otro lado, la sentencia pone particular énfasis en que el demandante dejó pasar varios meses sin presentar ningún escrito ante el foro de instancia y aclara que las cartas enviadas a la Secretaría del Tribunal de Primera Instancia, para conocer el estatus del diligenciamiento, no paralizaron el término para emplazar.

El 11 de agosto de 2008, el señor Sánchez Rodríguez presentó un recurso de *certiorari* ante este Tribunal. Alegó que el Tribunal de Apelaciones había errado al confirmar la sentencia y adujo que se le había adjudicado una responsabilidad que no le correspondía.

Examinada la moción de *certiorari,* concedimos a la AC un término de 20 días para mostrar causa por la cual no debiéramos expedir el auto solicitado y revocar la sentencia del Tribunal de Apelaciones. Ante la falta de contestación de la AC, y contando con la comparecencia del demandante, estamos en posición para resolver. Veamos.

I.

La Regla 1 de Procedimiento Civil dispone que éstas deben interpretarse de forma que se garantice una solución justa, rápida y económica de los procedimientos.

32 L.P.R.A. Ap. III R. 1, Reyes Castillo v. Cantera Ramos, Inc., 139 D.P.R. 935 (1996). Es de conocimiento general que nuestro ordenamiento jurídico es adversativo y rogado, por lo cual las partes tienen el deber de ser diligentes y proactivos al realizar los trámites procesales. Este principio rector de nuestro derecho ha de respetarse desde la más temprana etapa de un pleito, como lo es el emplazamiento, hasta la etapa de ejecución de la sentencia. Por consiguiente, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos.

El emplazamiento es el mecanismo procesal por el cual el tribunal adquiere jurisdicción sobre la persona del demandado. Dicho mecanismo es una exigencia constitucional, ya que responde a las exigencias del debido proceso de ley. La Regla 4.3 (b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 4.3 (b), dispone que "[e]l emplazamiento será diligenciado en el término de 6 meses de haber sido expedido. Dicho término sólo podrá ser prorrogado por un término razonable a discreción del tribunal si el demandante demuestra justa causa para la concesión de la prórroga y solicita la misma dentro del término original. Transcurrido el término original y su prórroga sin que el emplazamiento hubiere sido diligenciado, se tendrá a la parte actora desistida con perjuicio." Las normas que gobiernan los emplazamientos deben ser observadas celosamente por los

tribunales, ya que afectan su facultad de resolver controversias. Los requisitos de la Regla 4 de Procedimiento Civil, *supra,* son de estricto cumplimiento; es decir, su inobservancia priva al tribunal de jurisdicción sobre la persona del demandado. First Bank of P.R. v. Inmob. Nac., Inc., 144 D.P.R. 901 (1998); Peguero v. Hernández Pellot, 139 D.P.R. 487, 494 (1995).

Mientras, la Regla 39.2 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 39.2 (b), regula lo concerniente a la dejadez o inacción de una de las partes y su resultado, la desestimación, es la sanción más drástica que puede imponer un tribunal. Esta disposición lee de la siguiente forma, "si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito…". Es decir, tanto la Regla 4.3 (b) como la Regla 39.2 (b) de Procedimiento Civil son mecanismos que tiene a su disposición el tribunal para darle fin a un pleito que ha sido desatendido por un litigante. A esos efectos, hemos expresado que "[l]a Regla 4.3 (b) es un desarrollo paralelo de la 39.2 (b) sobre desestimación del pleito por inactividad, y ambas tienen el mismo propósito de acelerar la litigación y despejar los calendarios, operando la primera en la temprana etapa del pleito." Banco Popular de Puerto Rico v. Rafael Negrón Barbosa, 164 D.P.R. 855 (2005).

Ambas medidas se apoyan en la economía procesal que persigue descongestionar los tribunales, de forma que se descarten los pleitos que simplemente atrasan el calendario: "El abandono del pleito por inactividad o la falta de emplazamiento dentro del término provisto por ley provocan demoras innecesarias que tienen consecuencias perjudiciales no tan sólo para un efectivo sistema de justicia, sino para el demandado." Ortalaza v. F.S.E., 116 D.P.R. 700 (1985). Hemos de constatar que las dos disposiciones que nos conciernen acarrean tanto la desestimación con perjuicio, en el caso de la R. 4.3 (b), como la adjudicación en sus méritos, respecto a la R. 39.2 (b). Banco de la Vivienda de Puerto Rico v. Rafael Carlo Ortíz 130 D.P.R. 730 (1992). Por ende, al momento que la sentencia dictada advenga a ser final y firme, la misma tendrá el efecto de cosa juzgada y le cerrará las puertas a la parte perjudicada a instar pleitos subsiguientes por los mismos hechos o causas de acción. Souchet v. Cosio, 83 D.P.R. 758 (1961).

Debido a los efectos de la desestimación, es menester que los tribunales atemperen su aplicación, frente a la política pública de que los casos se ventilen en sus méritos. Ciertamente, el uso desmesurado de este mecanismo procesal puede vulnerar el fin que persiguen los tribunales, que es impartir justicia. Por lo tanto, "al ser esta sanción la más drástica que puede imponer un tribunal ante la dilación en el trámite de un caso, se

debe recurrir a ella en casos extremos." <u>Álamo Romero v.</u> <u>Administración de Corrección</u>, 2009 T.S.P.R. 5.

II.

A tenor con lo antes expuesto, no podemos concurrir con la decisión de los foros recurridos de desestimar con perjuicio la demanda instada. Ello es así porque los hechos particulares del caso requieren una consideración especial al interpretar el derecho aplicable. Cabe recalcar que resultaría injusto, y contrario al espíritu de las disposiciones antes citadas, una aplicación literal y automática de las Reglas de Procedimiento Civil. Ahora bien, resulta necesario considerar ciertos puntos que surgen de la sentencia recurrida. A saber, el Tribunal de Apelaciones entendió que: *(a)* se desprendía del expediente que el diligenciamiento de los emplazamientos se había ordenado desde el 6 de marzo de 2006 y que la parte demandante no desplegó la diligencia razonable al ver que la parte demandada no presentaba alegación alguna; *(b)* el derecho de acceso a los tribunales no le confiere al ciudadano la prerrogativa de abusar de los procedimientos judiciales; y *(c)* el juez no puede convertirse en abogado de una parte, son los abogados los que están obligados a dar una representación adecuada a sus clientes para así proteger adecuadamente sus intereses.

Ciertamente, el demandante no puede presentar una demanda y esperar a que el secretario prepare y expida

los emplazamientos correspondientes, sino que corresponde al demandante el deber de someterlos conjuntamente con la demanda. Una vez el secretario expide el emplazamiento, el demandante debe gestionar su diligenciamiento. Banco de Desarrollo Económico v. AMC Surg, 157 D.P.R. 150 (2002). Según el expediente, entendemos que la parte demandante cumplió con este proceso en cuanto a la demanda instada y la solicitud de expedición de los emplazamientos. Al dilatarse el proceso, a causa del traslado del caso de una región a otra, fue evidente que era necesario volver a ordenar la expedición de éstos. Por tanto, el 6 de marzo de 2006, el **tribunal ordenó que la secretaria expidiera los emplazamientos con copia de la demanda y que fueran debidamente diligenciados por el Alguacil General de Ponce**. Posteriormente, el 10 de octubre de 2006 y el 24 de abril de 2007, el señor Sánchez Rodríguez le envió dos cartas a la Secretaría del Tribunal, junto a una moción informativa para conocer sobre el estatus de la orden de diligenciar los emplazamientos. Sin embargo, tanto el Tribunal de Primera Instancia como el Tribunal de Apelaciones entendieron que la parte demandante tenía todavía otros remedios a su alcance y que al no servirse de ellos desatendió por completo el pleito.

Por lo general, las mociones informativas no se consideran trámites judiciales que puedan paralizar el plazo de 6 meses para diligenciar un emplazamiento

expedido. Ello es así porque los pleitos deben de ser vistos en su fondo, con la mayor prontitud posible, para proveer un remedio justo sin perjudicar a la parte demandada al dejarla en estado de indefensión. Se busca evitar que las partes atrasen el proceso mediante inacción o frívolas e innecesarias mociones que no sirvan otro propósito que no sea minar la eficacia y rapidez de los trámites judiciales. Por eso, hemos expresado que no se puede dejar al arbitrio de un demandante o su abogado escoger la fecha cuando se tramitarán o procurarán los emplazamientos y, por ende, cuándo serán expedidos. Ello "[e]quivaldría a, injustamente y sin autoridad judicial, extender el periodo de tiempo que nuestro ordenamiento ha establecido como apropiado para emplazar a una parte." Monell Cardona v. Jose E. Aponte, 146 D.P.R. 20 (1998). No obstante, el tratadista Dr. José Cuevas Segarra opina, que "un incumplimiento craso con el deber ministerial de la secretaría en su obligación para expedir los emplazamientos, debe ser informado al Tribunal de inmediato para evitar planteamientos futuros sobre la falta de diligencia y/o para obtener una prórroga en el cómputo del término." José A. Cuevas Segarra, Tratado de Derecho procesal civil, T. I, San Juan, Pubs. J.T.S., 2000, págs. 151-152.

Se desprende del expediente que el demandante le hizo constar al tribunal, en varias ocasiones, que no se le había notificado del estado de los procedimientos en

cuanto a la expedición ni el diligenciamiento de los emplazamientos. De hecho, fue a raíz de ese señalamiento que se le ordenó al Fiscal General de Ponce que evidenciara la expedición y diligenciamiento de los emplazamientos. A pesar de esto, a los seis meses desde que se le ordenó evidenciar que se habían acatado las órdenes, el Fiscal General de Ponce no había respondido al requerimiento.

El caso ante nos es uno singular y revestido de un alto interés público, ya que se trata de un confinado que reclama una crasa violación a la Carta de Derechos de nuestra Constitución. No atendemos un caso en el cual una parte, debidamente representada, puede tener un propósito ulterior en alargar o retrasar los procedimientos como parte de una estrategia forense. Al contrario, en el caso de autos se trata de una persona privada de su libertad y que reclama, mediante mociones informativas, que se le informe sobre el estado de los emplazamientos ordenados, para así poder iniciar un pleito sobre daños y perjuicios por haber sido, alegadamente, víctima de castigo cruel e inusitado. Además, resulta difícil entender la presente situación como una de inactividad por parte del demandante, cuando éste se encuentra confinado y el control del proceso está en manos del tribunal. Es evidente que el diligenciamiento le correspondía, según surge de la orden, al Fiscal General de Ponce. Ciertamente, la desestimación, por falta de diligencia

puede ser la sanción justa y correcta en casos extremos de clara e injustificada falta de diligencia. Dávila Mundo v. Hospital San Miguel 117 DPR 807 (1986). No es esa la situación que confrontamos en este caso pues, independientemente de que se hayan diligenciado los emplazamientos, el señor Sánchez Rodríguez nunca conoció el resultado de los trámites hechos por el Fiscal General de Ponce. No hubo abandono total ni parcial del caso por parte del señor Sánchez Rodríguez. Tampoco cabe concluir que el demandante abusó de los procedimientos judiciales dilatando el proceso. Simplemente, éste no es el caso extremo de clara e injustificada falta de diligencia que amerite una desestimación con perjuicio.

Aunque la Regla 4.3 (b) de Procedimiento Civil, *supra,* faculta al tribunal para desestimar con perjuicio, su aplicación no es automática y debe aplicarse en conjunto con la jurisprudencia interpretativa. Ésta nos aclara que "el tribunal deberá imponer primeramente sanciones económicas al abogado de la parte demandante. Si éstas resultan ser insuficiente procede la sanción de desestimación o eliminación de alegaciones, sólo después de que la parte haya sido informada o apercibida de la situación y de las consecuencias que puede tener el que ésta no sea corregida." Maldonado Ortíz v. Soltero Harrington 113 DPR 494 (1982). En el caso ante nos, el Tribunal de Primera Instancia recurrió a la desestimación como primera opción. Además, no entró a considerar otros

factores como lo eran la diligencia del señor Sánchez Rodríguez al informar al tribunal constantemente de la falta de diligencia en los emplazamientos, junto a su debida notificación, y la negativa del Fiscal General de Ponce de contestar los requerimientos.

Del texto de la Regla 4.3 (b) de Procedimiento Civil, *supra,* y de su jurisprudencia interpretativa, se desprenden los siguientes requisitos: "primero, que el término para emplazar es de seis meses; **segundo, que dicho término puede ser prorrogado discrecionalmente por el tribunal de instancia, aun expirado ya el plazo; tercero, que la prórroga para emplazar se autorizará sólo por justa causa**; y, cuarto, que el incumplimiento con el término provisto acarrea la desestimación con perjuicio de la demanda." 32 L.P.R.A. Ap. III, R. 4.3 (b); Banco Popular de Puerto Rico v. Rafael Negrón Barbosa, *supra*. (Énfasis nuestro). Conforme a lo antes citado, la concesión de la prórroga depende de la discreción del tribunal y se fundamenta en la existencia de justa causa. Ésta se define como "aquélla ajena a la causa legal que está basada en motivos razonables, y debe existir una razón honesta y regulada por buena fe." Ignacio Rivera García, Diccionario de términos jurídicos, Lexis Publishing, San Juan, 2000, pág. 142.

No hay evidencia alguna de que el señor Sánchez Rodríguez haya actuado de forma deshonesta o que no se haya preocupado por la puesta en marcha del pleito

instado. El demandante, a su vez, presentó una moción en la que se opuso a la desestimación del caso. En la misma, desglosó detalladamente sus intentos fallidos de agilizar e iniciar el juicio y arguyó su situación precaria al denunciar la falta de acción de la parte demandada. Recae sobre el demandante la carga de justificar con hechos y circunstancias del caso, la razón o motivo para su inacción dentro del término original, **"justificación que debe estar atada al sentido de la justicia que impregna la reclamación del promovente."** First Bank of PR v. Inmobiliaria Nacional, 144 D.P.R. 901 (1998). (Énfasis nuestro). Dicho lo anterior, el texto de la sentencia del Tribunal de Primera Instancia omite por completo y no toma en consideración la moción en oposición a la desestimación del 25 de noviembre de 2007. En dicha moción, el señor Sánchez Rodríguez expresó claramente la razón por la cual no había comenzado el juicio. El no tomar en consideración la moción constituye un error craso que le violenta el derecho del demandante de tener su día en corte. Recordemos que "[e]l tribunal siempre debe procurar un balance entre el interés en promover la tramitación rápida de los casos y la firme política judicial de que los casos sean resueltos en sus meritos." Banco Popular de Puerto Rico v. Rafael Negrón Barbosa, supra.

El Tribunal de Apelaciones enfatiza en su sentencia que un juez no puede convertirse en abogado de una parte,

sino que son los abogados los que están obligados a dar una representación adecuada a sus clientes para así proteger adecuadamente sus intereses. Este señalamiento es claramente inaplicable en este caso. El demandante era un confinado sin representación legal, que litigaba de forma pauperis y por derecho propio. Además, la expedición y diligenciamiento de los emplazamientos era responsabilidad del Alguacil General de Ponce y es evidente que la orden del tribunal estuvo casi dos años sin cumplirse. Si, en efecto, se desprende claramente del expediente que se ordenaron los emplazamientos y dicha orden fue cumplida, como dictaminó el Tribunal de Apelaciones, entonces le correspondía a la AC contestar la demanda y formular sus alegaciones. La demora en diligenciar los emplazamientos no se puede atribuir al demandante. Todo lo contrario, el señor Sánchez Rodríguez fue el único que tuvo, desde su celda, algún tipo de diligencia para velar porque este pleito comenzara. Además, la notificación nunca le constó al demandante, ni por carta del propio Tribunal de Primera Instancia ni por contestación a la demanda por la AC. En fin, desestimar con perjuicio el presente caso equivaldría a castigar a la parte demandante por una falta de diligencia de la cual no es responsable. Por todo lo antes expuesto, se expide el auto de *certiorari,* se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Se dictará sentencia de conformidad.


                                    Liana Fiol Matta
                                    Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Wilfredo Sánchez Rodríguez
        Peticionario

                                        *Certiorari*

        v.                    CC-2008-1162

Administración de Corrección
y otros
        Recurridos

*SENTENCIA*

En San Juan, Puerto Rico a 29 de diciembre de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la sentencia recurrida y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con el resultado pero considera irrelevante que el peticionario esté confinado en un penal. Era responsabilidad del Alguacil General de Ponce diligenciar los emplazamientos y el peticionario no debe ser quien sufra la consecuencia por el incumplimiento del Alguacil General. El Juez Asociado señor Rivera Pérez no intervino. La Jueza Asociada señora Pabón Charneco no interviene.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo