| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL XI | | |
|---|---|---|
| MAYRA I. FERNÁNDEZ<br><br>Parte Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Parte Recurrida | TA2026RA00119 | *Revisión Decisión Administrativa procedente del Departamento de la Familia*<br><br>Caso núm.:<br>2026TANF00041<br><br>Sobre:<br>TANF |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 22 de abril de 2026.

El 13 de marzo de 2026, la señora Mayra I. Fernández (la señora Fernández o la recurrente), por derecho propio y de *forma pauperis*, presentó ante nos una *Revisión de Decisión Administrativa* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 26 de febrero de 2026, por la Junta Adjudicativa adscrita al Departamento de la Familia (el Departamento de la Familia o la parte recurrida).[1]

En el aludido dictamen, el Departamento de la Familia desestimó, con perjuicio, el recurso presentado por la recurrente ante su falta de cooperación con presentar los documentos que solicitados por la Administración de Desarrollo Socioeconómico de la Familia (ADSEF), en el que se le informó su inelegibilidad para beneficiarse del TANF.

Por los fundamentos que expondremos a continuación, modificamos la *Resolución* recurrida y, así modificada, se confirma.

---

[1] Véase expediente administrativo, págs. 3-5.

**I.**

El caso de epígrafe tiene su origen cuando el 15 de octubre de 2025, la señora Fernández instó una *Solicitud de apelación* en la que cuestionó la determinación del Programa de Ayuda Temporal para Familias Necesitadas (TANF), notificada el 8 de octubre de 2025, en la que alegó que no fue elegible para poder beneficiarse del TANF debido a que no se comprobó la existencia de una incapacidad médica.[2]

Así, el 22 de enero de 2026, la Junta Adjudicativa del Departamento de la Familia remitió un *Requerimiento de información* en el que solicitó que la recurrente presentará la siguiente documentación: copia de la notificación de acción tomada o a tomarse que le fue enviada, copia del sobre en el cual le enviaron la notificación que quiere apelar, con el matasello del correo y/o copia del correo electrónico y dirección de correo electrónico dentro del término de quince (15) días calendario.[3] Ello, en aras de atender su apelación al amparo del Art. 11 del *Reglamento para establecer los procedimientos de adjudicación de controversias ante la Junta Adjudicativa del Departamento de la Familia,* Reglamento Núm. 9491 del 24 de agosto de 2023 (Reglamento Núm. 9491), pág. 11. La Junta Adjudicativa le advirtió a la señora Fernández que, de incumplir con presentar la información solicitada dentro del término concedido, se ordenaría el cierre del caso.

El 26 de febrero de 2026, el Departamento de la Familia emitió una *Resolución* en la que desestimó, con perjuicio, la *Solicitud de apelación* "por falta de cooperación" en virtud de que la señora Fernández no radicó la documentación solicitada por la parte recurrida en aras de auscultar su jurisdicción y atender el reclamo de esta.[4]

---

[2] *Véase* expediente administrativo, pág. 8.
[3] *Véase* expediente administrativo, pág. 6.
[4] *Véase* expediente administrativo, págs. 1-3.

Inconforme, el 13 de marzo de 2026, la señora radicó ante nos una *Revisión de Decisión Administrativa* en la que solicitó que revoquemos la *Resolución* recurrida. Atisbamos que, la recurrente no coligó señalamientos de error.

En igual fecha, la señora Fernández radicó una *Solicitud para declaración de indigencia* en la que solicitó que se le eximiera del pago de aranceles.

El 20 de marzo de 2026, emitimos una Resolución en la que declaramos Ha Lugar la *Solicitud para declaración de indigencia*. Igualmente, le concedimos un término al Departamento de la Familia para que presentara su oposición.

En cumplimiento con nuestra *Resolución*, el 14 de abril de 2026, la parte recurrida instó un *Escrito en cumplimiento de Resolución*.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

**II.**

**A.**

Los organismos administrativos merecen la mayor deferencia posible de los tribunales. *Otero* v. *Toyota*, 163 DPR 716, 727 (2005). Tal deferencia se apoya en que las agencias administrativas tienen conocimiento experto y la experiencia especializada de los asuntos que le son encomendados. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025), *Otero* v. *Toyota*, *supra*, pág. 728. Un principio establecido es que las determinaciones de las agencias administrativas tienen una presunción de legalidad y corrección en la que no deben intervenir los tribunales. *Rebollo* v. *Yiyi Motors*, 161 DPR 69, 78 (2004). Las determinaciones de hecho de las agencias tienen a su favor una "presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente

para derrotarlas." *Henríquez v. Consejo Educación Superior*, 120 DPR 194, 210 (1987). Nuestro Tribunal Supremo ha expresado que los tribunales no deben intervenir o alterar las determinaciones de hechos de un organismo administrativo "si las mismas están sostenidas por evidencia sustancial que surja del expediente administrativo considerado en su totalidad". *Otero Mercado v. Toyota de P.R. Corp.,* 163 DPR 716, 727-728 (2005); *Domingo v. Caguas Expressway Motors*, 148 DPR 387, 397 (1999). En virtud de lo anterior, el criterio rector al momento de pasar juicio sobre una decisión de la agencia recurrida es la razonabilidad de la actuación cuestionada. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan, supra.* Las determinaciones de hecho serán sostenidas por el tribunal, si se basan en evidencia sustancial que no obra en el expediente administrativo. *Vázquez v. Consejo de Titulares*, 216 DPR ___ (2025), 2025 TSPR 56. Ejercitando un criterio de razonabilidad y deferencia, los tribunales no deben intervenir o alterar las determinaciones de hecho realizadas por una agencia si están sostenidas por evidencia sustancial que surge del expediente. *Otero* v. *Toyota, supra*, pág. 728. El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero* v. *Toyota, supra*, pág. 728; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la

determinación de la agencia. *Otero* v. *Toyota, supra*, pág. 728. La parte que alegue ausencia de evidencia sustancial debe demostrar que existe:

> "[O]tra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial [...] hasta el punto de que se demuestre claramente que la decisión [del organismo administrativo] no está justificada por una evaluación justa del peso de la prueba" que tuvo ante su consideración. *Metropolitan S.E.* v. *A.R.P.E.*, 138 DPR 200, 213 (1995) citando a *Hilton Hotels* v. *Junta de Salario Mínimo,* 74 DPR 670, 686 (1983).

El máximo foro judicial ha definido evidencia sustancial como aquella "que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Otero* v. *Toyota, supra,* pág. 728; *Ramírez v. Depto. de Salud*, 147 DPR 901, 905 (1999). La parte que impugne una determinación de hecho de una agencia debe convencer al foro apelativo que la determinación no fue basada en evidencia sustancial. *Otero v. Toyota, supra,* pág. 728. Para rebatir la determinación que cuestiona, debe demostrar que existe otra evidencia en el expediente que reduzca el valor probatorio. *Otero* v. *Toyota, supra,* pág. 728. Si la parte no demuestra en la revisión judicial otra evidencia sustancial que sostenga la determinación de la agencia, entonces no se alterará la determinación de la agencia. *Otero* v. *Toyota, supra,* pág. 728.

Por otro lado, respecto a las conclusiones de derecho, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, señala que éstas pueden ser revisadas en todos sus aspectos. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Las conclusiones de derecho serán revisables en todos sus aspectos por un tribunal. *Vázquez v. Consejo de Titulares, supra.* La interpretación de la ley es una tarea que le corresponde a los tribunales y como corolario, los tribunales deben revisar las conclusiones de derecho en todos sus aspectos. *Vázquez v. Consejo*

*de Titulares, supra.* Ello, como mecanismo interpretativo del poder judicial. *Íd.* Ahora bien, lo anterior "no implica que los tribunales revisores tienen la libertad absoluta de descartar libremente las conclusiones e interpretaciones de la agencia". *Otero v. Toyota, supra*, pág. 729. Por consiguiente, no puede otorgárseles un "sello de corrección automático bajo el pretexto de deferencia a aquellas determinaciones o interpretaciones administrativas que son irrazonables, ilegales o contrarias a Derecho". *Capote Rivera v. Voilí Voilá Corp.*, 213 DPR 743, 754 (2024). Consecuentemente, cuando un tribunal llega a un resultado distinto al de la agencia, éste debe determinar si la divergencia es a consecuencia de un ejercicio razonable y fundamentado de la discreción administrativa, ya sea por la pericia, por consideraciones de política pública o en la apreciación de la prueba. *Otero v. Toyota, supra*, pág. 729. Dicho de otro modo, "[e]l tribunal podrá sustituir el criterio de la agencia por el propio solo cuando no pueda hallar una base racional para explicar la decisión administrativa". *Íd.*

No obstante, la deferencia reconocida a la decisión de una agencia administrativa cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley, y (3) cuando ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. *Otero* v. *Toyota, supra*, pág. 730; *Capote Rivera v. Voilí Voilá Corp., supra*, pág. 754, citando a *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Al ejercer la función revisora, el tribunal está obligado a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuvo ante sí. *Rebollo* v. *Yiyi Motors*, 161 DPR 69, 78 (2004). Por otro lado, las determinaciones de derecho, el tribunal tiene amplia

autonomía para revisarlas en todos sus aspectos. *Rebollo* v. *Yiyi Motors, supra*, pág. 77.

**B.**

El Art. 3 de la *Ley Orgánica del Departamento de la Familia*, Ley Núm. 171 de 30 de junio de 1968, según enmendada, 3 LPRA sec. 211b (Ley Núm.171-1968) le confiere al Departamento de la Familia la potestad de programas para crear soluciones o mitigar problemas sociales. Con ello, el Departamento de la Familia puede crear, derogar y enmendar normas y reglamentos en aras de promover el buen funcionamiento de la agencia. Art. 4 de la Ley Núm. 171-1968 *supra* sec. 211c. En esa línea, el *Reglamento de Normas de Certificación para la determinación de elegibilidad a solicitantes y participantes del programa de ayuda temporal para familias necesitadas (TANF) de la Administración de desarrollo socioeconómico de la familia del Departamento de la Familia*, Reglamento Núm. 7653 del 29 de diciembre de 2008 (Reglamento Núm. 7653) rige los aspectos relacionados a los requisitos para que una persona sea elegible para poder beneficiarse del TANF. El Artículo 2 del Capítulo II del Reglamento Núm. 7653, *supra*, dispone que, el Departamento de la Familia debe auscultar la información de la persona solicitante para poder determinar su elegibilidad. Así, el Departamento de la Familia llevará a cabo una investigación para determinar la elegibilidad del solicitante. Sección 1.1 del Art. 1 en el Capítulo V del Reglamento Núm. 7653, *supra*. Luego, el Departamento de la Familia remite un Informe en el que le informa al solicitante si es elegible para recibir el TANF. *Íd.* El Art. 4 del Capítulo II del Reglamento Núm. 7653, *supra*, postula que uno de los motivos por los cuales se le puede denegar la asistencia del TANF es por negarse a cooperar en la determinación de elegibilidad. Cuando el solicitante este inconforme con la determinación del

Departamento de la Familia, este podrá radicar una apelación. Sección 1.1 del Art.1 en el Capítulo VI, del Reglamento Núm. 7653, *supra*.

## C.

Los Tribunales están facultados en desestimar los pleitos con perjuicio en limitadas circunstancias y dicha determinación "se debe ejercer juiciosa y apropiadamente". *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Esta facultad debe ejercerse con mesura dado que la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que tenga contra otros. *VS PR, LLC v. Drift Wind, Inc.*, 207 DPR 253, 264 (2021). Al momento de ponderar si procede imponer la sanción severa de la desestimación, el Tribunal debe hacer un balance de intereses entre atender el caso en sus méritos y la rápida dilucidación de las controversias jurídicas. *VS PR, LLC v. Drift Wind, Inc.*, *supra*, pág. 264. Cuando un Tribunal desestima un pleito, tiene la discreción para determinar si la desestimación será sin perjuicio, permitiendo una posterior presentación de la reclamación. *VS PR, LLC v. Drift Wind, Inc.*, *supra*, pág. 267, citando a: *Souchet v. Cosío*, 83 DPR 758, 762–763 (1961).

## III.

En el caso de autos, la señora Fernández argumentó que, erró el TANF al denegarle la asistencia económica solicitada. Ello, toda vez que, es una persona con varias condiciones médicas.

Es sabido que, este Tribunal debe brindar deferencia a las determinaciones de hechos que formulen los organismos administrativos. Cónsono con lo anterior, las agencias administrativas son las que poseen el conocimiento experto y la pericia en la materia para atender el asunto que este ante su consideración. No obstante, dicha deferencia cede cuando: (1) no

está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. Si el tribunal no se encuentra ante alguna de estas situaciones, aunque exista más de una interpretación razonable de los hechos, debe sostener la que seleccionó la agencia encargada. *Otero* v. *Toyota, supra*, pág. 730; *Capote Rivera v. Voilí Voilá Corp., supra*, pág. 754, citando a *Super Asphalt v. AFI y otro, supra*, pág. 819. Ahora bien, las conclusiones de derecho son revisables debido a que los Tribunales estamos facultados a revisar si la agencia actuó conforme a derecho.

A tenor con lo anterior, el Departamento de la Familia tiene la potestad de crear programas para asistir a las personas ante su situación social. Con ello, el Departamento de la Familia creó el TANF, el cual es un programa para asistir a personas de forma temporera. A esos fines, una persona solicitante debe cumplir con presentar la documentación requerida por la TANF en aras de auscultar su elegibilidad para participar de dicho programa. Al amparo del Reglamento Núm. 7653, *supra*, de una persona no presentar la documentación solicitada, dentro del término provisto por la agencia, el Departamento de la Familia tiene la facultad para ordenar el cierre del caso ante la falta de documentación necesaria para evaluar si la persona es elegible para gozar de dicho programa.

Es forzoso concluir que, el Departamento de la Familia actuó correctamente en ordenar el cierre del caso en virtud de que la señora Fernández no presentó la documentación requerida para aplicar los criterios de elegibilidad conforme el Reglamento Núm. 7653, *supra*. Además, al amparo del Reglamento Núm. 9491, *supra*, procedía ordenar el cierre del caso puesto que la recurrente no presentó dentro del término concedido por el Departamento de la Familia los documentos solicitados. Destacamos que, sin los documentos requeridos por el organismo administrativo, el

Departamento de la Familia estaba imposibilitado de evaluar si la señora Fernández podía obtener el TANF.

A la luz de los fundamentos esbozados, resolvemos que el Departamento de la Familia actuó correctamente en ordenar el cierre del caso. Empero, modificamos la *Resolución* recurrida a los efectos de que el cierre sea, sin perjuicio, dado que razonamos que, se le debe conceder una oportunidad a la recurrente para que pueda presentar nuevamente una solicitud para obtener la asistencia del TANF ante el Departamento de la Familia.

**IV.**

Por los fundamentos que anteceden, modificamos la *Resolución* recurrida y, así modificada se confirma.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones